# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY KLIANA SOMO,<br><br>                     Plaintiff,<br>vs.<br><br>ALBERTO R. GONZALES, Attorney General of the United States, et al.,<br><br>                    Defendants. | CASE NO. 07cv0637-WQH (NLS)<br><br>**ORDER REMANDING CASE TO UNITED STATES CITIZEN AND IMMIGRATION SERVICES**<br><br>(Doc. # 5) |

HAYES, Judge:

The matter pending before the Court is Defendant's Motion to Remand. (Doc. #5).

## BACKGROUND

Plaintiff Johnny Somo is a citizen of Iraq, and has been a lawful permanent resident of the United States since December 1995. (Compl. ¶¶ 3, 10.) In March 2004, Plaintiff applied to the United States Citizenship and Immigration Services ("CIS") for naturalization, and on September 24, 2004, Plaintiff successfully passed his naturalization interview. (Compl. ¶ 12, 14.) Though Plaintiff meets all statutory requirements for naturalization, CIS failed to adjudicate Plaintiff's application for naturalization within 120 days of Plaintiff's naturalization interview. (Compl. ¶¶ 11, 15, 17.) After inquiry by Plaintiff regarding the status of his application, CIS informed Plaintiff that it could not adjudicate his application because his Federal Bureau of Investigation ("FBI") background check was not complete. (Compl. ¶ 18.)

On April 10, 2007, Plaintiff filed the Complaint in this matter against the U.S. Attorney General, the Secretary of the Department of Homeland Security, and the Director, District Director and Chief of Citizenship of the U.S. Citizenship and Immigration Services. (Compl.

¶¶ 4-8.) Plaintiff requests that this Court assume jurisdiction over this matter, and compel the Defendants to conclude the adjudication of Plaintiff's naturalization application. (Compl. at 5.) Plaintiff also seeks an award of reasonable fees and costs pursuant to the Equal Access to Justice Act. (Compl. at 5.) On July 11, 2007, Defendants moved to remand Plaintiff's Complaint to the CIS for adjudication of his naturalization application pending completion of the FBI investigation. (Doc. # 5.)

## DISCUSSION

Defendants move to remand on the grounds that CIS cannot adjudicate Plaintiff's application until the FBI completes Plaintiff's background check. If this Court chooses to remand the matter back to CIS with instructions to adjudicate Plaintiff's application, Defendants argue that the Court should refrain from setting a specific deadline for adjudication. Plaintiff argues that "the Defendants should be ordered to promptly complete Plaintiff's background checks and adjudicate Plaintiff's naturalization application. Alternatively, this court should exercise jurisdiction over this case and adjudicate the application." (Doc. # 6 at 2.)

**I.     Statutory Framework**

A lawful permanent resident alien is eligible for naturalization as a United States citizen if he or she (1) satisfies a five-year statutory residency requirement; (2) has resided continuously in the United States from the date of his or her application to the time of his or her admission as a citizen; and (3) is of good moral character. *See* 8 U.S.C. § 1427(a). To become a citizen, the applicant must file an application for naturalization. *See* 8 U.S.C. § 1445(a).

The process for investigating and conducting examinations of applicants for naturalization is governed by 8 U.S.C. § 1446. The statute requires persons designated by the Attorney General, in this case CIS employees, to conduct a background investigation of all applicants. *See* 8 U.S.C. § 1446(a)-(b). The background investigation includes a review of all pertinent immigration and police records and a neighborhood investigation. *See* 8 U.S.C. § 1446(a); 8 C.F.R. § 335.1. The applicant must then be interviewed by a CIS examiner. *See*

1 8 U.S.C. § 1446(d).  During the interview the applicant must successfully complete testing
2 with regard to the statutory requirements of English proficiency and knowledge of the history
3 and government of the United States.  *See* 8 U.S.C. § 1423(a).  Ultimately, the CIS examiner
4 is authorized to make a determination to grant or deny the application.  *See* 8 U.S.C. § 1446(a);
5 8 C.F.R. § 335.3.  This determination should occur within 120 days following the initial
6 examination of the applicant.  *See* 8 C.F.R. § 335.3.

7 In 1997, Congress adopted a mandate requiring that the FBI conduct investigations with
8 respect to every naturalization application and that CIS await the completion of such
9 investigations before determining whether a naturalization application should be granted or
10 denied.  *See* Departments of Commerce, Justice, and State, The Judiciary, and Related
11 Agencies Appropriations Act of 1998, Pub.L.No. 105-119, 111 Stat. 2440 (1997).
12 Consequently, in 1998, the Immigration and Naturalization Service amended 8 C.F.R. §
13 335.2(b) to require that CIS delay the initial interview of an applicant until completion of the
14 FBI investigation.  Sometimes, as in the present case, CIS will conduct the examination of an
15 applicant before a full criminal background check is completed.

16 **II.     Subject Matter Jurisdiction**

17 District courts have jurisdiction to review an application for naturalization "[i]f there
18 is a failure to make a determination under section 1446 of this title before the end of the 120-
19 day period after the date on which the examination is conducted. . . ." 8 U.S.C. § 1447(b).  The
20 Court of Appeal for the Ninth Circuit has interpreted "examination" to be synonymous with
21 "interview."  *United States v. Hovsepian*, 359 F.3d 1144, 1159-60 (9th Cir. 2004).

22 CIS interviewed Plaintiff with respect to his application for naturalization on September
23 24, 2004, and since that time Defendants have not adjudicated Plaintiff's application.  As more
24 than 120 days have elapsed between Plaintiff's interview and the filing of this Complaint, the
25 Court concludes that it has subject matter jurisdiction.  *See id.* at 1159-64; *see also Ghazal v.*
26 *Gonzales*, No. 06CV2732-LAB (NLS), 2007 U.S. Dist. LEXIS 43602 (S.D. Cal. Jun. 14,
27 2007); *Gonzales v. Gonzales*, No. 07CV124-JM (AJB), 2007 U.S. Dist. LEXIS 39998 (S.D.
28 Cal. May 31, 2007).

**III.    Remedy**

Where a district court has subject matter jurisdiction over an application for naturalization pursuant to 8 U.S.C. § 1447(b), the district court may either (1) determine the matter by making a decision on the naturalization application, or (2) remand the matter with appropriate instructions to CIS. *See Hovsepian,* 359 F.3d at 1160; *see also Ghazal*, 2007 U.S. Dist. LEXIS 43602, at *8-9. "Generally speaking, a court . . . should remand a case to an agency for decision of a matter that statutes place primarily in agency hands," because "[i]n immigration matters, the executive branch is accorded great deference, as evidenced by the statutory and regulatory schemes established for processing citizenship applications." *Ghazal*, 2007 U.S. Dist. LEXIS 43602, at *8-9 (citations omitted). When CIS's delay in adjudicating an application for naturalization results from the FBI's investigative process, "it is inappropriate to make a citizenship determination before [the FBI's] information is known, absent abusive or egregious circumstances." *Id.* (citing *Khelifa v. Chertoff*, 433 F. Supp. 2d 836, 843-45 (E.D. Mich. 2006)).

It is apparent that the delay in CIS's adjudication of Plaintiff's application for naturalization is attributable to the FBI's delay in processing Plaintiff's background check. The Court recognizes that FBI investigation delays have increasingly contributed to delays in adjudication of naturalization applications. *See Ghazal*, 2007 U.S. Dist. LEXIS 43602, at *7. The Court understands Mr. Somo's desire to become an American citizen, and sympathizes with the delay that he must endure while the application process is under way. This Court agrees, however, with the reasoning in *Ghazal*, that "[n]either the CIS nor the district court is sufficiently informed to decide an application until the FBI completes the required criminal background check to determine whether an applicant presents any national security or public safety risk, nor are [CIS and the district court] equipped to conduct such investigations themselves." *Id.* (citing *El-Daour v. Chertoff*, 417 F. Supp. 2d 679, 684 (W.D. Pa. 2005)); *see also* 8 C.F.R. § 335.2 (requiring CIS to examine an applicant only after the FBI completes its background check). Accordingly, and after review of the parties' arguments, the Court concludes that remand of this matter is appropriate.

On June 5, 2007, CIS requested that the FBI expedite Plaintiff's background check. (Doc. #7 at 2.) There is no guarantee, however, that the background investigation will be completed by a particular date or that the investigation will not uncover information which requires further investigation. Because "only the FBI and the CIS are in a position to know what resources are available to conduct" a background check, the Court declines to impose deadlines for completion of the FBI background check and adjudication of the application in this case. *Ghazal*, 2007 U.S. Dist. LEXIS 43602, at *7 (citing *Shalabi v. Gonzales*, No. 4:06CV866 RWS, 2006 U.S. Dist. LEXIS 77096, *5 (E.D. Mo. Oct. 23, 2006)).

Lastly, Plaintiff requests fees pursuant to the Equal Access to Justice Act ("EAJA"). The EAJA provides that prevailing parties in certain adversarial proceedings against the United States may recover attorney's fees from the United States. *See* 5 U.S.C. § 504; 28 U.S.C. § 2412. Here, Plaintiff is not entitled to these fees because, at this time, Plaintiff is not the prevailing party.

**CONCLUSION**

Defendant's motion to remand is **GRANTED**. (Doc. # 5.) This matter is hereby **REMANDED** to CIS with instructions that CIS adjudicate Plaintiff's application for naturalization as expeditiously as possible after the FBI's completion of Plaintiff's background check.

DATED: September 10, 2007

**WILLIAM Q. HAYES**
United States District Judge